Robert P. Franke (TX Bar No. 07371200)
Andrew G. Edson (TX Bar. No. 24076364)
Audrey L. Hornisher (TX Bar No. 24094369)
**Clark Hill PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

COUNSEL FOR VFS LEASING CO. AND
MACK FINANCIAL SERVICES, A DIVISION OF VFS US LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | Chapter 11 |
| RED RIVER WASTE SOLUTIONS, LP | § § § | Case No. 21-42423-ELM |
| Debtor. | § § | **Preliminary Hearing: Wednesday, March 9, 2022** |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
OR ALTERNATIVELY FOR ADEQUATE PROTECTION**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., FORT WORTH, TEXAS 76102 ROOM 128, BEFORE CLOSE OF BUSINESS ON FEBRUARY 24, 2022, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

VFS Leasing Co. ("**VFS**") and Mack Financial Services, a division of VFS US LLC ("**Mack Financial**" and together with VFS, the "**Movants**") file this *Motion for Relief from the Automatic Stay or Alternatively for Adequate Protection* (the "**Motion**") and respectfully show:

**I.**
**JURISDICTION**

1. This Court possesses jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (G). The statutory predicate for relief is 11 U.S.C. § 362(d)(1) and (2).

**II.**
**BACKGROUND FACTS**

2. Prior to this bankruptcy filing, Red River Waste Solutions, LP (the "**Debtor**") and the Movants entered into a lease agreement and several equipment loan contracts for the Debtor's use of Mack trucks, which are more fully described below.

**Equipment Lease**

3. On February 16, 2018, the Debtor entered into that certain Truck Lease Agreement with VFS, and further entered into that certain Custom Terminal Rental Adjustment Clause Schedule with VFS (the "**Lease**") for the lease of eight (8) 2018 Mack LR612 and LR613 trucks (the "**Leased Equipment**"). Pursuant to the Lease, the lease term is 84 months, and the payments from Debtor are $38,038.59 monthly, due on the sixteenth of each month.

4. On December 23, 2021, VFS filed a proof of claim, No. 50 (the "**Lease Claim**"), in the Debtor's bankruptcy case. As evidenced in the Lease Claim, as of the bankruptcy filing, the Debtor was in default under the Lease in the amount of $38,038.59. Since its bankruptcy filing five months ago, the Debtor has only made one of its required Lease payments, received in January 2022, and the payment amount was $35,550.08, which is $2,448.51 less than the monthly Lease obligation. Thus, the monthly Lease payments for October, November, December, and a portion of January are all due, along with late charges and unpaid taxes that are due. As of January 31, 2022, the total outstanding balance under the Lease was $164,152.52. A copy of the Lease Claim is attached as **Exhibit A**.

**Equipment Loans**

5. On February 5, 2020, the Debtor entered into that certain Direct Loan Contract with Mack Financial. The Movants identify the Direct Loan Contract as "Schedule 002" and is referenced here as **Schedule 2**. Schedule 2 financed four (4) 2016 Mack LEU613 trucks with a loan term of 72 months. The monthly payment amount owed under Schedule 2 is $12,047.15. The Debtor has failed to make any post-petition payments under Schedule 2.

6. On December 23, 2021, Mack Financial filed a proof of claim, No. 51 (the "**Schedule 2 Claim**"), in the Debtor's bankruptcy case. As evidenced in the Schedule 2 Claim, the loan balance as of the Petition Date is $412,085.35. The estimated wholesale value of the Schedule 2 equipment is $294,000, thus leaving Mack Financial with an estimated unsecured deficiency of approximately $118,000. A copy of the Schedule 2 Claim is attached as **Exhibit B**.

7. On June 11, 2020, the Debtor entered into that certain Master Loan and Security Agreement with Mack Financial, and further entered into that certain Promissory Note and Schedule. The Movants identify this Schedule as "Schedule 005" and is referenced here as **Schedule 5**. Schedule 5 financed two (2) 2020 Mack Terrapro 64R trucks with a loan term of 60 months. The monthly payment amount owed under Schedule 5 is $9,178.97. The Debtor has failed to make any post-petition payments under Schedule 5.

8. On December 23, 2021, Mack Financial filed a proof of claim, No. 52 (the "**Schedule 5 Claim**"), in the Debtor's bankruptcy case. As evidenced in the Schedule 5 Claim, the loan balance as of the Petition Date is $378,628.24. The estimated wholesale value of the Schedule 5 equipment is $350,000, thus leaving Mack Financial with an estimated unsecured deficiency of approximately $28,000. A copy of the Schedule 5 Claim is attached as **Exhibit C**.

9. On June 11, 2020, the Debtor entered into that certain Master Loan and Security Agreement with Mack Financial, and on June 30, 2020, further entered into that certain Promissory Note and Schedule. The Movants identify this Schedule as "Schedule 006" and is referenced here as **Schedule 6**. Schedule 6 financed two (2) 2020 Mack LR 64R trucks with a loan term of 60 months. The monthly payment amount owed under Schedule 6 is $9,798.26. The Debtor has failed to make any post-petition payments under Schedule 6.

10. On December 23, 2021, Mack Financial filed a proof of claim, No. 53 (the "**Schedule 6 Claim**"), in the Debtor's bankruptcy case. As evidenced in the Schedule 6 Claim, the loan balance as of the Petition Date is $423,521.76. The estimated wholesale value of the Schedule 5 equipment is $370,000, thus leaving Mack Financial with an estimated unsecured deficiency of approximately $53,000. A copy of the Schedule 5 Claim is attached as **Exhibit D**.

11. VFS is the current lessee under the Lease, and Mack Financial is the current holder of Schedule 2, Schedule 5, and Schedule 6, which are collectively referred to as the "**Equipment Loans**." As of October 14, 2021 (the "**Petition Date**"), the Debtor was in default under the Lease and the Equipment Loans ("**Prepetition Default**").

12. On the Petition Date, the Debtor filed its *Statement of Background Information* [Docket No. 3] (the "**Background Statement**"). In the Background Statement, the Debtor represented that due to increase in residential waste volumes, the resulting demand for services "has also taken a toll on the Company's vehicles and equipment. These unexpected volume increases have hastened the general wear and tear on the vehicles and equipment…" Paragraph 15.

13. On November 24, 2021, the Debtor filed its *Schedules of Assets and Liabilities* [Docket No. 194]. Upon information and belief, the Debtor's stated current value of the vehicles

pursuant to the Lease and Equipment Loans is significantly less than the current balance owed, and Mack Financial is entitled to verify the stated values by conducting inspections of the vehicles. The Lease and Equipment Loans provide that the Movants are entitled to inspection of the leased and financed equipment at any time. As part of the relief sought, Movants request that the Court order the Debtor to comply with any inspection requested by Movants.

14. Numerous communications with counsel for the Debtor have occurred to attempt to work out a consensual resolution. However, no offer for adequate protection presented by the Debtor was acceptable to the Movants. Further, the Movants have not received any proof of insurance.

### III.
### ARGUMENT AND AUTHORITIES

15. The Movants request the Court to terminate the stay imposed by section 362 of the Bankruptcy Code to allow Movants to repossess and liquidate the Equipment, as permitted under the Lease and Equipment Loans. Alternatively, Movants request that the Court order adequate protection payments sufficient to protect its interests, and further order the Debtor to comply with inspection requests and provide proof of insurance coverage on the Equipment.

16. Bankruptcy Code Section 362(d) in relevant part provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization;

17. The Fifth Circuit holds that cause is any reason cognizable to the equity power and conscience of the court. *Little Creek Dev. Co. v. Commonwealth Mort. Corp. (In re Little Creek*

*Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986). The determination for cause is on a case by case basis since it is not defined in the Bankruptcy Code. *In re JCP Props.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015); *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Cause is an "intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Futures Equity LLC*, 2001 Bankr. LEXIS 2229 *46 (Bankr. N.D. Tex. Apr. 11, 2001).

18. Further, "[w]here the secured claims over the property exceed the value of the property, a debtor has no equity in the property for the purpose of § 362(d)(2)." *In re JCP Props.*, 540 B.R. at 616, citing *Matter of Sutton*, 904 F.2d 327, 329 (5th Cir. 1990) (equity "portends the difference between the value of the subject property and the encumbrances against it"). A creditor's interest in equipment is not adequately protected where the equipment is depreciating in value and where the Debtor is not providing compensation therefore. *In re Cage*, 357 B.R. 99, 102 (Bankr. S.D. TX. 2004) *citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 370, 108 S. Ct. 626, 98 L.Ed. 2d 740 (1988). It is widely accepted that a Debtor must compensate a creditor for the depreciating value of its equipment. *Id.*

19. In this instance, cause exists to grant relief from the automatic stay because the Debtor has failed to make payments to VFS under the Lease and is now four months past due since the Petition Date, and further because the Debtor has failed to adequately protect Mack Financial with a lack of payments under the Equipment Loans and the Equipment continues to rapidly depreciate, as acknowledged by the Debtor in its Background Statement. Based on both the Debtor's valuation and the Movant's valuation of the Equipment, there is no equity. There is also a substantial default accruing on both the Lease and Equipment Loans.

20. There are also grounds for relief from the automatic stay with respect to the Equipment Loans pursuant to Section 362(d)(2) because the Debtor does not have equity in the Equipment. In addition, the Equipment is not necessary for an effective reorganization because there is no evidence that the Debtor can actually reorganize. Instead, based on recent filings by the Debtor, the Debtor is still evaluating its options for a potential sale of substantially all of its assets.

21. Moreover, there is no assurance to date that the Debtor will have sufficient cash to make adequate protection payments. To avoid termination of the automatic stay, the Debtor needs to demonstrate proof that it can provide for adequate protection in the form of payments, proof of insurance, and an agreement as to inspection of the Equipment. Specific to the Lease, the Debtor needs to make the post-petition rental payments; specific to the Equipment Loans, the Debtors needs to make adequate protection payments to counteract the rapid depreciation.

22. The Movants are entitled to relief from the automatic stay pursuant to both Section 362(d)(1) and (2). The Debtor has failed to provide adequate protection to Movants, no equity exists in the Equipment, and the Equipment is not necessary for an effective reorganization.

WHEREFORE, VFS Leasing Co. and Mack Financial Services, a division of VFS US LLC request that this Court grant it relief from the automatic stay to allow it to proceed with repossessing the Equipment, or alternatively for adequate protection, and for such other and further relief which it may show itself justly entitled.

DATED: February 10, 2022

                                                  Respectfully submitted,

*/s/ Andrew G. Edson*
Robert P. Franke (TX Bar No. 07371200)
Andrew G. Edson (TX Bar No. 24076364)
Audrey L. Hornisher (TX Bar No. 24094369)
**Clark Hill PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**COUNSEL FOR VFS LEASING CO. AND MACK FINANCIAL SERVICES, A DIVISION OF VFS US LLC**

## CERTIFICATE OF CONFERENCE

     I hereby certify that beginning on November 30, 2021, the undersigned discussed potential terms with Jane Gerber, counsel for the Debtor, and since then have traded several proposals, but with no agreement to date. On January 21, 2022, Jane Gerber confirmed that the Debtor is opposed to the requested relief in this Motion.

                                                  *Andrew G. Edson*
                                                  Andrew G. Edson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered or otherwise entitled to receive electronic notices via electronic notification pursuant to the ECF procedures in this District, and on the parties listed below via US First Class Mail on this 10th day of February, 2022.

                                              /s/ *Andrew G. Edson*
                                              Andrew G. Edson

**Counsel for Debtor:**
Marcus A. Helt
Jane A. Gerber
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
mhelt@mwe.com
jagerber@mwe.com

**Debtor:**
Red River Waste Solutions, LP
4004 East Hwy 290 West
Dripping Springs, Texas 78620

**Counsel to Committee:**
Todd A. Atkinson
WOMBLE BOND DICKINSON LLP
811 Main Street, Suite 3130
Houston, Texas 77002
Todd.atkinson@wbd-us.com

**United States Trustee**
Erin M. Schmidt
1100 Commerce St. Room 976
Dallas, Texas 75242
erin.schmidt2@usdoj.gov

Matthew P. Ward
WOMBLE BOND DICKINSON LLP
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Matthew.ward@mbd-us.com

**Counsel to DIP Lender**
Jason S. Brookner
Amber M. Carson
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
jbrookner@grayreed.com
acarson@grayreed.com