Timothy W. Brink (Illinois ARDC No. 06215802)
(Admitted Pro Hac Vice)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Tel:  (312) 461-4335
Email:  tbrink@mpslaw.com

Joseph F. Postnikoff (State Bar No. 16168320)
Kevin G. Herd (State Bar No. 24027017)
LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Tel:  (817) 335-9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com

*COUNSEL FOR XL SPECIALTY INSURANCE
COMPANY, GREENWICH INSURANCE COMPANY,
and INDIAN HARBOR INSURANCE COMPANY*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RED RIVER WASTE SOLUTIONS, LP, | Case No. 21-42423 (ELM) |
| Debtor. _____/ | |

**RESPONSE OF XL SPECIALTY INSURANCE COMPANY, GREENWICH
INSURANCE COMPANY AND INDIAN HARBOR INSURANCE COMPANY TO
LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MUFG UNION BANK,
N.A. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
ASSUMPTION OF THE XL POLICIES AND (II) GRANTING RELATED RELIEF**

XL Specialty Insurance Company, Greenwich Insurance Company and Indian Harbor Insurance Company (collectively, "XL Insurance"), by and through its undersigned counsel, hereby responds (the "Response") to the *Limited Objection and Reservation of Rights of MUFG Union Bank, N.A.* (Dkt. No. 348) (the "Objection) *to Debtor's Motion for Entry of an Order (I)*

*Authorizing Assumption of the XL Policies, and (II) Granting Related Relief* (Doc. No. 299) (the "Motion").[1]  In support of its Response, XL Insurance respectfully states as follows:

## I.
## INTRODUCTION

1. After entering into a Deferred Payment Agreement with XL Insurance and making the payments agreed to therein to date, the Debtor filed this Motion asking the Court to authorize it to assume the XL Policies as required by the Deferred Payment Agreement.

2. In its Objection, MUFG Union Bank, N.A. (the "Bank") complains of being provided with insufficient information about the Deferred Payment Agreement and the Debtor's payment obligations to XL Insurance, argues that the Debtor is attempting to convert its obligations to XL Insurance into an administrative claim, asserts that the Debtor has not accounted for payments to XL Insurance in its DIP financing budget and that the Debtor's "ultimate liability" to XL Insurance is "wholly contingent," and objects to the provision in the proposed order deeming any payments to XL Insurance to be non-avoidable.

3. The missing information of which the Bank complains, which the Bank chose not to request informally from the Debtor or XL Insurance at any time during the 21-day objection period, has since been provided to the Bank.  Furthermore, as explained below, the Bank's other objections are without merit.  For these reasons, the Objection should be overruled, and the Motion should be granted.[2]

---

[1] Capitalized terms used but not otherwise defined in this Response shall have the meanings given to them in the Motion.
[2] In response to concerns raised by the creditors' committee (the "Committee"), the Debtor and XL Insurance agreed to make certain revisions to the proposed order on the Motion.  The Debtor filed the revised proposed order on February 7 as Dkt. No. 346.

{34266: 028: 03313993.DOCX :3 }                                          2

## II.
## BACKGROUND

4. XL Insurance provides commercial automobile, commercial general liability, and pollution and remediation liability insurance coverage to the Debtor. This insurance coverage is required by, among other things, the Debtor's customer contracts and the U.S. Trustee Guidelines. [Motion, ¶¶ 6-8.]

5. Although the Debtor had not paid the audit and extension premium due on the Prior Policies, the then-outstanding deductibles, or the renewal and endorsement premium due on the Current Policies when it commenced this Case, it requested and received authorization to do so in its "first-day" Insurance Motion and by the Court's Insurance Order, respectively. [Motion, ¶¶ 9,10.]

6. After extensive, good-faith, arms-length negotiations, the Debtor and XL Insurance entered into the Deferred Payment Agreement. [Motion, ¶ 11.] Among other things, the Deferred Payment Agreement enables the Debtor to pay over $1.25 million in past due renewal premium in monthly installments and other past due premium upon the occurrence of specified conditions in consideration of the Debtor's agreement to assume the XL Policies and to file this Motion.

## III.
## RESPONSE

7. The Bank objects on the grounds that "the Proposed Order is impermissibly vague" because the Deferred Payment Agreement was not attached as an exhibit to the Motion.[3] Although a copy of the Deferred Payment Agreement was not included with the Motion, the Motion recites all its material terms and conditions. [Motion, ¶ 26.] To assure the Bank of this,

---

[3] The Debtor or XL Insurance readily would have provided a copy of the Deferred Payment Agreement to the Bank at any time during the 21-day objection period had the Bank requested it, which it did not.

the Debtor also has provided a copy of the Deferred Payment Agreement to the Bank. Accordingly, this objection should be overruled.

8. The Bank further objects on the grounds that the specific amounts owed to XL Insurance are not listed in the Motion. The Debtor or XL Insurance readily would have provided this information to the Bank as well, yet the Bank chose not to request it. In the meantime, on February 18, 2022 XL Insurance filed its Proof of Claim (Claim No. 104) (the "XL Claim"), the addendum to which lists all amounts owed to XL Insurance by policy, policy period, and premium type. Accordingly, this objection should be overruled.

9. The Bank further objects on the grounds that the "Debtor is seeking to convert *all* of its liabilities to XL into administrative claims without regard to their pre-petition and post-petition status." This objection is a red herring and should be overruled.

10. First, the Court previously authorized the Debtor to pay all amounts due in connection with its insurance policies, regardless whether such amounts are pre-petition or post-petition obligations. *See Order (I) Authorizing the Debtor to (A) Continue Its Insurance Policies and Honor All Obligations in Respect Thereof, (B) Renew, Supplement, and Enter Into New Insurance Policies, and (C) Honor the Terms of Related Payment Plans and Pay Premiums thereunder, and (II) Granting Related Relief* (Dkt. No. 32) (the "Insurance Order"), ¶ 3. Therefore, even if the Debtor's pre-petition obligations to XL Insurance are not formally entitled to administrative priority, the result is the same since the Debtor may pay them in full at any time.

11. Second, the Debtor's assumption of the XL Policies, if approved by the Court as a sound exercise of the Debtor's business judgment, necessarily will result in the related "cure" obligations being treated as administrative expense claims. *In re U.S. Metalsource Corp.*, 163

B.R. 260, 269 (Bankr. W.D. Pa. 1993) ("The assumption of an executory contract by the debtor-in-possession results in an administrative expense priority claim for all obligations under that contract, regardless of whether the expenses arose postpetition or prepetition") *citing NLRB v. Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L.Ed.2d 482 (1984). Therefore, it is meaningless to object to the Debtor's proposed assumption of the XL Policies on the grounds that it would convert the Debtor's obligations to XL Insurance into administrative claims.

12. The Bank further objects on the grounds that the Debtor has not accounted for payments to XL Insurance in its DIP financing budget and that the Debtor's "ultimate liability" to XL Insurance is "wholly contingent" – neither of which is the case. First, the budgets appended to the proposed and recently-entered final post-petition financing orders include a line item for insurance obligations. *See, e.g., Final Order (I) Authorizing the Debtor to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* (Dkt. No. 393), Exh. B. Second, the Debtor's obligations to XL Insurance are non-contingent, liquidated, and undisputed. *See* XL Claim, Addendum and Exhs. A and B. In any event, neither of these objections presents a cognizable basis to deny the Motion.

13. Finally, the Bank objects to paragraph 15 of the proposed order on the Motion, arguing that "[r]eleasing XL from any avoidance liability is beyond the scope of an assumption motion and requires consideration by the Court pursuant to Bankruptcy Rule 9019." Just as the Debtor's assumption of the XL Policies will result in the related "cure" obligations being treated as administrative expense claims, it will bar claims to avoid prepetition transfers made pursuant to the XL Policies. *In re Newpage Corp.*, 517 B.R. 508, 517 (Bankr. D. Del. 2014) (holding that trustee of post-confirmation litigation trust may not recover allegedly preferential transfers made

pursuant to a contract that the debtor assumed post-petition); *see also* 5 COLLIER ON BANKRUPTCY ¶ 547.03[7] (Richard Levin and Henry J. Sommers eds. 16th ed.). Because paragraph 15 of the proposed order merely provides *expressly* for what necessarily will be the legal consequence of assumption, this objection also should be overruled.

14. In addition, the Bank purports to "reserve its rights" to "object or otherwise respond to" the Motion at the hearing thereon. The Bank had ample opportunity to formulate its specific objections to the Motion, which it asserted in its Objection filed on the last day of the 21-day notice period and without having contacted either the Debtor or XL Insurance to attempt to resolve any of its specific objections informally or to request an extension of the objection deadline. Therefore, XL Insurance objects to the assertion by the Bank of any objections to the Motion beyond those contained in the Objection.

WHEREFORE, XL Insurance respectfully requests that the Court (i) overrule the Objection, (ii) grant the Motion, and (iii) grant such other and further relief as the Court deems appropriate.

Dated: March 8, 2022

XL SPECIALTY INSURANCE COMPANY, GREENWICH INSURANCE COMPANY AND INDIAN HARBOR INSURANCE COMPANY

/s/ *Timothy W. Brink*
Timothy W. Brink (Illinois ARDC No. 06215802)
(Admitted Pro Hac Vice)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Telephone: (312) 461-4335
Email: tbrink@mpslaw.com

*and*

/s/ Joseph F. Postnikoff
Joseph F. Postnikoff (State Bar No. 16168320)
Kevin G. Herd (State Bar No. 24027017)
LAW OFFICES OF JOSEPH F. POSTNIKOFF, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Tel: (817) 335-9400
Email: jpostnikoff@postnikofflaw.com
Email: kherd@postnikofflaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of March, 2022, a copy of the foregoing *Response of XL Specialty Insurance Company, Greenwich Insurance Company and Indian Harbor Insurance Company to Limited Objection and Reservation of Rights of MUFG Union Bank, N.A., to Debtor's Motion for Entry of an Order (I) Authorizing Assumption of the XL Policies, and (II) Granting Related Relief* was served via the Court's electronic case filing system on all parties listed on the electronic receipt.

                                                            /s/ Timothy W. Brink