# **EXHIBIT B**

## **Helt Certification**

DM_US 190562749-17.114930.0011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RED RIVER WASTE SOLUTIONS, LP,[1] | ) ) | Case No. 21-42423 (ELM) |
| Debtor. | ) ) ) |  |

**CERTIFICATION OF MARCUS A. HELT
IN SUPPORT OF SECOND AND FINAL EE APPLICATION OF MCDERMOTT
WILL & EMERY LLP FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR AND
DEBTOR IN POSSESSION FOR THE PERIOD FROM
OCTOBER 15, 2021, THROUGH SEPTEMBER 30, 2022**

I, Marcus A. Helt, hereby certify that:

1. I am a partner of the firm, McDermott Will & Emery LLP ("McDermott" or the "Firm"), with responsibility for the Chapter 11 Case of Red River Waste Solutions, LP ("Red River" or the "Debtor") in the above-captioned Chapter 11 Case.

2. This certification (the "Certification") is made in connection with McDermott's fee application, dated November 10, 2022 (the "Application"),[2] for (a) compensation and reimbursement of expenses for the period commencing March 1, 2022, through and including September 30, 2022 (the "Second Compensation Period"); and (b) final compensation and reimbursement of expenses for the period commencing October 15, 2021, through and including September 30, 2022 (the "Final Compensation Period"). I have reviewed the Application and

---

[1] The last four digits of the Debtor's taxpayer identification number are 8719. The Debtor's principal office is located at 4004 East Hwy, 290 West, Dripping Springs, Texas 78620.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

hereby certify that the Application complies with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and UST Fee Guidelines.

3. The charges for the services rendered by McDermott's professionals and paraprofessionals in this Chapter 11 Case are no greater than the rates McDermott charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters in this District. In fact, as part of its agreement to represent the Debtor in its restructuring, McDermott agreed to a substantial, one-time discount from its standard rates for its services, as more fully described in its Retention Application.

4. I certify that McDermott has complied with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated January 18, 2022 [Docket No. 296] requiring it to provide the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), and the United States Trustee of the Bankruptcy Court for the Northern District of Texas (the "U.S. Trustee") with a statement of McDermott's fees and disbursements accrued during the Final Compensation Period.

5. McDermott discussed its rates and fees with the Debtor during the Chapter 11 Case.

6. In accordance with the UST Fee Guidelines, McDermott responds to the questions identified therein as follows:

| | |
|---|---|
| Question 1: | Did McDermott agree to any variations from, or alternatives to, McDermott's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Final Compensation Period? If so, please explain. |
| Answer: | The Retention Application set forth the hourly rates for the attorneys primarily responsible for this case (the "Primary Attorneys"), which represent a substantial, one-time discount from McDermott's standard rates for its services. The Primary Attorneys have been assisted by other professionals and paraprofessionals at McDermott at discounted rates. |

DM_US 190562749-17.114930.0011

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did McDermott discuss the reasons for the variation with the client?

Answer: Not applicable

Question 3: Have any of the professionals included in the Application varied their hourly rate based on a geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? If so, please quantify by hours and fees.

Answer: The total time expended for such matters during the Second Compensation Period is 47.6 hours, $26,356.00.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: The total time expended for such matters during the Second Compensation Period is 4.7 hours, $1,087.00.

Question 6: Does the Application include any rate increases since McDermott's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: The Application includes rate increases for McDermott professionals and paraprofessionals not considered Primary Attorneys. These rate increases reflect a discount to the Firm's regular rates. The Debtor did not review and approve these rate increases in advance, but the Debtor was informed of annual rate increases as part of its engagement of McDermott.

Dated: November 10, 2022
       Dallas, Texas

                                              */s/ Marcus A. Helt*
                                              Marcus A. Helt
                                              Partner
                                              McDermott Will & Emery LLP