

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 27, 2022**

_____
**United States Bankruptcy Judge**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RED RIVER WASTE SOLUTIONS, LP,[1] | ) | Case No. 21-42423 (ELM) |
| | ) | |
| Debtor. | ) | |

### ORDER APPROVING INTERIM AND FINAL FEE APPLICATIONS OF MCDERMOTT WILL & EMERY LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM OCTOBER 15, 2021 THROUGH SEPTEMBER 30, 2022

Upon the applications [Docket Nos. 679 and 1230] (each an "Application" and collectively, the "Applications")[2] of McDermott Will & Emery LLP ("McDermott"), counsel to the above-captioned debtor (the "Debtor"), for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from October 15, 2021, through and

---

[1] The last four digits of the Debtor's taxpayer identification number are 8719. The Debtor's principal office is located at 4004 East Hwy, 290 West, Dripping Springs, Texas 78620.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Applications and the Fourth Amended Chapter 11 Plan for Red River Waste Solutions (the "Plan"), as applicable.

including September 30, 2022, on a final basis (the "Final Compensation Period"), all as more fully set forth in the Applications; and upon consideration of the Helt Certification, attached to the Application filed at Docket No. 1230 as Exhibit B; and upon consideration of all objections to the Applications and the exhibits and testimony at the hearing held on December 16, 2022; and the Court having jurisdiction to consider the Applications and the relief requested therein pursuant to 28 U.S.C. §§ 1334 and 157 and Miscellaneous Order No. 33 of the District Court for the Northern District of Texas; and consideration of the Applications and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Applications having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Applications and the supporting documents; and upon all of the proceedings had before the Court and after due deliberation and for the reasons set forth on the record at the hearing held on December 27, 2022, which are incorporated herein by reference, it is HEREBY ORDERED THAT:

1. All objections to the Applications that have not been withdrawn are OVERRULED.

2. The Applications are GRANTED as set forth herein.

3. Compensation to McDermott for professional services rendered during the Final Compensation Period is allowed on a final basis in the amount of $4,029,606.00.

4. Reimbursement to McDermott for expenses incurred during the Final Compensation Period is allowed on a final basis in the amount of $50,550.17.

5. McDermott is authorized and directed to apply the Retainer of $225,000 that it holds to its outstanding fees and expenses, with the Retainer to be treated as a component of the Debtor Professionals' Initial Payment and application of such Retainer to reduce in an equal amount McDermott's pro rata share of the Debtor Professionals' Initial Payment.

6. Taking into account the provisions of paragraph 5 of this Order, the Liquidation Trustee is authorized to pay to McDermott its pro rata share of the Debtor Professionals'

Initial Payment, as well as its pro rata share of all payments that become payable on the Debtor Professionals' Initial Payment Shortfall and the Debtor Professionals' Unpaid Administrative Claims as and to the extent provided for and subject to the terms in the Plan and Liquidation Trust Waterfall; provided, however, that the total amount of fees and expenses paid to McDermott shall not exceed the total amount payable to McDermott under the terms of the Plan and Liquidation Trust Waterfall; and provided further that the total combined amount of fees and expenses paid to the Debtor Professionals under the Plan and Liquidation Trust Waterfall (*i.e.*, separate and apart from the amounts already paid to date as interim compensation and reimbursement under the terms of the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 296]) shall not exceed $3,592,000.00.

7. Pursuant to Bankruptcy Rules 6004(h), and 9014, this Order shall become immediately effective on December 29, 2022. Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas, this order (the "Order") shall not be stayed for fourteen (14) days after the entry hereof but shall be effective and enforceable immediately on December 29, 2022.

8. This Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

# # # END OF ORDER # # #